UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 24, 2016

LETTER TO COUNSEL

RE: *Gary W. Shriver, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-15-1014

Dear Counsel:

On April 9, 2015, Plaintiff Gary W. Shriver, Jr. petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). In addition, I have reviewed the Commissioner's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015), and the Plaintiff's response thereto.[1] (ECF Nos. 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Shriver protectively filed a claim for Supplemental Security Income ("SSI") on September 28, 2011. (Tr. 19, 167-70, 184). He alleged a disability onset date of September 7, 2011. (Tr. 167). His claim was denied initially and on reconsideration. (Tr. 104-06, 111-12). A video hearing was held on November 19, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 36-77). Following the hearing, the ALJ determined that Mr. Shriver was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-35). The Appeals Council denied Mr. Shriver's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Shriver suffered from the severe impairments of right lower extremity vascular disorder status-post surgery/varicose veins and asthma. (Tr. 21). Despite these impairments, the ALJ determined that Mr. Shriver retained the residual functional capacity ("RFC") to:

---

[1] The parties were notified of the potentially relevant ruling in *Fox* in a letter order dated December 29, 2015. (ECF No. 17). The letter order provided the Commissioner thirty days to determine whether consent remand was required under *Fox*, or whether she instead wished to file supplemental briefing addressing the apparent *Fox* issue. The Commissioner filed her supplemental brief on January 27, 2016, (ECF No. 18), and Mr. Shriver timely filed his response on February 11, 2016. (ECF No. 19).

*Gary W. Shriver, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-15-1014
February 24, 2016
Page 2

> perform light work as defined in 20 CFR 416.967(b).  He could occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds.  He could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and sit (with normal breaks) for a total of about six hours in an eight-hour workday.  He could occasionally climb ramps/stairs, stoop, kneel, crouch, crawl, climb ladders/ropes/scaffolds, and frequently balance.  He should have only occasional exposure to irritants (fumes, odors/dusts/gas/poor ventilation).

(Tr. 22).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Shriver could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 29-30).

Mr. Shriver raises one primary argument on appeal.[2]  Mr. Shriver asserts that the ALJ erred in finding that his testimony about his subjective complaints was not fully credible.  Pl. Mem. 10.  Specifically, Mr. Shriver contends that the ALJ erred because he did not cite the specific testimony he found to be not credible or "otherwise give specific reason grounded in the evidence."  *Id.*  In support of his argument, Mr. Shriver cites Social Security Ruling ("SSR") 96-7, which provides that "[t]he reason for the credibility finding must be grounded in the evidence and articulated in the determination or decision."  Finally, Mr. Shriver contends that the ALJ improperly "cherry-pick[ed] the record by focusing only on the portions of physical examinations in which no deficits in range of motion or strength were noted . . . ."  Pl. Mem. 11.  I disagree with Mr. Shriver's argument.

The ALJ provided a thorough review of Mr. Shriver's testimony, including his allegations that he uses a four-point cane for balance, that his acid reflux disease is uncontrolled despite the use of medication, and that he experiences difficulty breathing if he moves around too much. (Tr. 22-23).  Furthermore, the ALJ noted Mr. Shriver's testimony that he elevates his legs for ten to twelve hours per day and that he can only stand for ten to fifteen minutes at a time or his foot and toes become purple and black. (Tr. 23).  In finding that Mr. Shriver's testimony was not fully credible, the ALJ stated that "[t]he claimant has not generally received the type of medical treatment one would expect for a totally disabled individual."  (Tr. 28).  In particular, he noted the fact that Mr. Shriver was not undergoing physical therapy for treatment of his lower right extremity impairment and that he had not demonstrated any abnormal gait or significantly decreased strength, sensation, or range of motion in his lower right extremity on physical examination.  *Id.*  Likewise, regarding Mr. Shriver's asthma, the ALJ noted that treatment with medication had generally been effective.  *Id.*  Based on this evidence, I find that the ALJ adequately supported his finding that Mr. Shriver's testimony regarding his subjective complaints was not fully credible.

---

[2] Mr. Shriver provides three "Questions Presented" in his Motion for Summary Judgment, but only includes one section of argument asserting that "the ALJ erred in finding the testimony of the claimant as to his subjective complaints not fully credible."  Pl. Mem. 8-10.

*Gary W. Shriver, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-15-1014
February 24, 2016
Page 3

With respect to Mr. Shriver's allegation that the ALJ "cherry-pick[ed]" the evidence in support of his findings, I likewise find that the ALJ provided substantial evidence for his findings. The ALJ provided a detailed chronology of Mr. Shriver's treatment for his impairments beginning on his alleged onset date, including Mr. Shriver's revascularization procedure and skin graft operation on his lower right extremity. (Tr. 23-24). The ALJ noted Mr. Shriver's complaints of continued pain but cited medical findings from multiple examinations that he was able to ambulate without difficulty, had full strength in all extremities, and had no edema, tenderness, or redness in his lower right extremity. (Tr. 24-28). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Based on the ALJ's thorough review of the medical evidence, and my own review of the record, I find that the ALJ provided substantial evidence for his findings of Mr. Shriver's credibility and limitations.

In addition to Mr. Shriver's arguments, I have also considered the impact of the Fourth Circuit's recent ruling in *Fox v. Colvin*, __ Fed. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015). In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. To understand why remand is warranted, some background is useful. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments. Each physical impairment listing contains a set of signs or objective medical findings which must be present for the claimant's impairment to meet the listing. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein[3] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

---

[3] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations. (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because it conclusory of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Radford*, 734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4. Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* at *4.

Turning to the instant case, at step three, the ALJ noted that State agency physicians, "who are skilled and experienced in reviewing records and assessing the impairments and limitations that are documented therein," had found that Mr. Shriver did not have any impairments that met or equaled a listing at both the initial and reconsideration levels. (Tr. 21). The ALJ continued:

> The records that have been submitted since the State agency completed its review do not warrant a different determination at the third step of the evaluation process. No treating or examining source has identified medical signs or findings that meet or equal the requirements of any section of Appendix 1. The undersigned has reviewed the records and also finds that the claimant does not have impairments that meet or equal the requirements of any section of Appendix 1. . . . Specific attention was paid to the claimant's physical impairments using Section 3.01, *et seq.* (respiratory), specifically 3.03 (asthma); Section 4.01, *et seq.* (cardiovascular), specifically 4.12 (peripheral arterial disease); Section of the Listing of Impairments contained in 20 CFR Part 404, Appendix 1 to Subpart P. However, the evidence fails to establish an impairment or combination of impairments accompanied by the signs reflective of listing level severity.

(Tr. 22).

*Gary W. Shriver, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-15-1014
February 24, 2016
Page 5

      The Commissioner argues that the step three findings in Mr. Shriver's case are distinguishable from the step three findings in Fox. Specifically, the Commissioner contends that the Fourth Circuit's decision in *Fox* was predicated on the fact that "[i]nconsistent evidence abound[ed]" in that case, which is not present in Mr. Shriver's case. (ECF No. 18 at 1) (quoting 2015 WL 9204287, at *5). In addition, the Commissioner argues that the ALJ "adequately specified the evidentiary basis—the absence of evidence—for the step-three analysis with regard to Mr. Shriver's asthma and peripheral arterial disease," and that any deficiency at step three was cured by the ALJ's discussion of the medical evidence elsewhere in the decision. (ECF No. 18 at 2-3).[4] I disagree.

      The Fourth Circuit's decision in *Fox* was not predicated on the existence of inconsistent evidence in the record. Rather, the Court was explicit that the ALJ's analysis did not provide substantial evidence in support of his findings because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 2015 WL 9204287, at *5. Thus, regardless of whether or not there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings of Mr. Shriver's severe impairments. Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 Fed. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 2015 WL 9204287, at *4 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point of the decision.[5] A lack of evidence does not constitute substantial evidence, as argued by the Commissioner, without specific reference to the precise criteria lacking evidentiary support. (ECF No. 18 at 3). Moreover, *Fox* and its progeny seem to preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether or not evidence supporting a listing is contained therein. For these reasons, remand is warranted.

---

[4] The Commissioner also argues that *Fox* is not binding precedent because it is not a published decision. (ECF No. 18 at 1). While this is true, *Fox* is nevertheless indicative of how the Fourth Circuit would likely rule in an analogous case, as it did in its recent decision in *Brown v. Colvin*, __ Fed. App'x __, 2016 WL 502918 (4th Cir. Feb. 9, 2016). In *Brown*, the Court was presented with a similar step three analysis and echoed its reasoning from *Fox* and *Radford*, 734 F.3d at 295. Specifically, the *Brown* Court stated "[W]e do not accept Brown's and the Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three, and it was error for the district court to do so." 2016 WL 502918, at *2.

[5] For instance, Listing 3.03 for asthma requires findings of asthma with either chronic asthmatic bronchitis or "[a]ttacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 3.03. In his review of the medical evidence, the ALJ discussed examination of Mr. Shriver's lungs on several occasions, but did not note any evidence, or lack thereof, regarding asthmatic bronchitis or the frequency of any asthma attacks. (Tr. 22-29).

      For the reasons set forth herein, Mr. Shriver's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge